Dericksen M. BRINKERHOFF, etc., et al.,
Appellants,

v.

AMFAC, INC., et al., Appellees.

No. 73-2365.

United States Court of Appeals,
Ninth Circuit.

Sept. 13, 1973.

Bruce W. Kauffman, David H. Pittinsky, Carl H. Hanzelik, William T. Coleman, Jr., Dilworth, Paxson, Kalish, Levy & Coleman, Philadelphia, Pa., Alexander Kahan, New York City, Asa M. Akinaka, Honolulu, Hawaii, Kenneth P. Kimmel, Beverly Hills, Cal., for appellants.

Martin Gendel, Richard S. Berger, Gendel, Raskoff, Shapiro & Quittner Alfred I. Rothman, Loeb & Loeb, Los Angeles, Cal., James W. Rosenquist, Orrick, Herrington, Rowley & Sutcliffe, San Francisco, Cal., Roger Jon Diamond, Mervyn L. Hecht, Pacific Palisades, Cal., Samuel Gates, Irwin J. Sugarman, Debevoise, Plimpton, Lyons & Gates, New York City, Douglas E. Prior, Cades, Schutte, Fleming & Wright, Paul A. Lynch, Gerald Y. Sekiya, Bortz, Case, Stack, Kay, Cronin & Clause, Howard K. Hoddick, Anthony, Hoddick, Reinwald & O'Connor, William A. Stricklin, Conroy, Hamilton, Gibson, Nickelsen & Rush, Honolulu, Hawaii, for appellees.

Before KOELSCH, HUFSTEDLER and WALLACE, Circuit Judges.

OPINION

PER CURIAM:

Although appellants insist that they seek only to attack Judge Pence's construction of Judge Tavares' instructions to the appraisers, it is evident that the attack would be pointless unless the real aim were to upset the valuations reached by the court-appointed appraisers. Appellants recognize, or they must, that they are in a situation directly analogous to one who seeks to upset an arbitration award. Accordingly, their only hope in turning over the "award" is to claim that it was the product of extrinsic fraud or that the "arbitrators" exceeded the scope of the submission and thus acted outside their jurisdiction.

To the extent that extrinsic fraud was charged, Judge Pence found against the appellants and there is no basis in the record to upset that determination.

We have examined Judge Pence's construction of Judge Tavares' instructions to the appraisers, and we have concluded that Judge Pence did not err in his interpretation of them.

Appellants are understandably distressed by the valuations reached by the appraisers. Unfortunately for appellants, the scope of judicial review available to them on the basis of their stipulation and the orders of the court predicated upon their agreement is far more

restrictive than that which would have been accorded without the settlement agreement.

The motion to dismiss the appeal is denied. Sanctions are denied. The judgment is forthwith affirmed.